# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs October 14, 2015

## STATE OF TENNESSEE v. RONALD BENNETT

**Appeal from the Circuit Court for Hamilton County**
**Nos. 182619, 182621, 182672, 182674, 182676, 182678, 182680, 182682, 182683,**
**182684, 182685, 182686     Rebecca J. Stern, Judge**

_____

**No. E2015-00510-CCA-R3-CD – Filed December 14, 2015**

_____

JAMES CURWOOD WITT, JR., J., concurring.

I concur in the majority opinion in this case but write separately to pose the question:  How may the term "at any time" mean one thing in the text of Tennessee Rule of Criminal Procedure 36 and yet mean an entirely different thing in the text of Rule 36.1? *Compare State v. Adrian R. Brown*, ___ S.W.3d ___, ___, No. E2014-00673-SC-R11-CD, slip op. at 12-13 (Tenn. Dec. 2, 2015) (construing the term "at any time" in Rule 36.1 and holding that a Rule 36.1 motion may not be used to attack an expired sentence) *with State v. James D. Wooden*, ___ S.W.3d ___, ___, No. E2014-01069-SC-R11-CD, slip op. at 11 (Tenn. Dec. 2, 2015) (referencing the use in Rule 36 of the term "at any time" with respect to the correction of clerical errors).  In the present case, the court utilizes Rule 36 to correct errors in judgments that imposed sentences which have expired.

_____
JAMES CURWOOD WITT, JR.